UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO SANDOVAL,<br><br>                Plaintiff,<br><br>    v.<br><br>RALPH M. DIAZ, et al.<br><br>                Defendants. | Case No. 1:20-cv-01374-NONE-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 10) |

      Plaintiff Julio Sandoval ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

      On November 16, 2020, Plaintiff filed a motion for the appointment of counsel. (ECF No. 10.) Plaintiff asks for appointment of counsel because he is unable to afford counsel; his imprisonment limits his ability to litigate properly; the issues involved in this case are complex and require significant research and investigation; Plaintiff currently has no access to the law library due to the COVID-19 outbreak; a trial in this case will likely involve conflicting testimony and counsel would be able to present adequate evidence and cross-examine witnesses; counsel would be able to obtain "classified information" related to the case; Plaintiff has not been able to obtain a lawyer on his own; and witnesses in the case will probably need to be interviewed and subpoenaed to testify under oath. (*Id.*)

      Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952

(9th Cir. 1998), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1).  *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court  must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

The Court will not order appointment of pro bono counsel at this time.  Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. Further, Plaintiff's complaint is still awaiting screening and the Court cannot make a determination that Plaintiff is likely to succeed on the merits of his claims. Finally, based on a review of the record in this case, if appears that Plaintiff can adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of counsel (ECF No. 10) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **November 18, 2020**                    /s/ Erica P. Grosjean
                                                                  UNITED STATES MAGISTRATE JUDGE

2