IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO SANDOVAL,<br><br>          Plaintiff,<br><br>   v.<br><br>RALPH M. DIAZ, et al.,<br><br>          Defendants. | Case No. 1:20-cv-01374-NONE-EPG (PC)<br><br>ORDER REGARDING MOTION FOR STAY OF PROCEEDINGS<br><br>(ECF No. 15) |

    Plaintiff Julio Sandoval ("Plaintiff") is a state inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's motion for stay of proceedings filed on December 2, 2020, which the Court construes as a motion for an extension of time to respond to the Court's screening order and for leave to file an amended complaint in excess of twenty (20) pages. (ECF No. 15.)

    On November 19, 2020, the Court entered an order screening Plaintiff's complaint and directing Plaintiff to, within thirty (30) days of service of the order, file a First Amended Complaint that is no longer than twenty (20) pages, including exhibits, or notify the Court in writing that he wants to stand on his complaint. (ECF No. 14.)

    Plaintiff's motion requests an extension of seventy (70) days to respond to the Court's screening order because Plaintiff has tested positive for COVID-19, he is in quarantine, his mail has been delayed, and he does not have access to the law library. (ECF No. 15.) Plaintiff also requests leave to file an amended complaint totaling forty (40) pages in length, including exhibits,

because his exhibits total twenty-six pages and he needs to show that twenty-five (25) defendants participated in the underlying claim. (*Id.*)

Regarding the extension of time, the Court finds good cause for and will accordingly grant the request. However, if Plaintiff requests any further extensions of time to respond to the Court's screening order, he must include specific requests for law library access or paging to show that he is unable to respond by the new deadline.

Regarding the additional pages, the Court will deny the full request, but allow some additional pages. Plaintiff is not required to attach any exhibits or evidence to his complaint. If this action reaches a stage where the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit his evidence. For purposes of the First Amended Complaint, Plaintiff only needs to set forth a short and plain statement of the facts that support his claims. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading . . . must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]"). Accordingly, the Court will increase the page limit for any First Amended Complaint to twenty-five (25) pages, including all exhibits.

Accordingly, IT IS ORDERED:

1. Plaintiff's motion to stay, construed as a motion for an extension of time and for leave to file an amended complaint in excess of twenty (20) pages (ECF No. 15), is GRANTED IN PART;
2. The deadline for Plaintiff to either file a First Amended Complaint or notify the Court in writing that he wants to stand on his complaint pursuant to the Court's screening order entered on November 19, 2020 (ECF No. 14) is extended to **February 15, 2021**; and

\\\
\\\
\\\
\\\
\\\

3. If Plaintiff elects to file a First Amended Complaint, it shall be no longer than twenty-five (25) pages, including exhibits.

IT IS SO ORDERED.

Dated:  **December 8, 2020**           /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE