1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT
9                 FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   JULIO SANDOVAL,                      No. 1:20-cv-01374-NONE-EPG (PC)

12                 Plaintiff,             FINDINGS AND RECOMMENDATIONS,
                                          RECOMMENDING THAT PLAINTIFF'S
13        v.                              MOTION FOR AN INJUNCTION BE
                                          DENIED
14   RALPH M. DIAZ, et al.,
                                          (ECF No. 20)
15                 Defendants.
                                          TWENTY-ONE-DAY DEADLINE
16

17        Plaintiff Julio Sandoval ("Plaintiff") is a state inmate proceeding *pro se* and *in forma*

18   *pauperis* in this civil-rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint

19   commencing this action on September 28, 2020. (ECF No. 1). After the Court screened Plaintiff's

20   complaint and found he failed to state any claims, (ECF No. 14), Plaintiff filed a first amended

21   complaint on February 16, 2021, (ECF No. 17). The Court entered a screening order on March 1,

22   2021, finding that Plaintiff again failed to state any claims. (ECF No. 18).

23        On March 9, 2021, Plaintiff filed an "Order to Show Cause for a Preliminary Injunction,"

24   (ECF No. 20), which the Court construes as a motion for a preliminary injunction. For the reasons

25   that follow, the Court recommends denying the motion.

26   I.   LEGAL STANDARDS FOR INJUNCTIVE RELIEF

27        "A federal court may issue an injunction if it has personal jurisdiction over the parties and

28   subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons

                                          1

1  not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983); *accord Benny v.*

2  *Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) ("A federal court is without personal jurisdiction over a

3  defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4."); *S.E.C. v.*

4  *Ross*, 504 F.3d 1130, 1140 (9th Cir. 2007) ("[I]n order for the court to assert personal jurisdiction

5  over a party-in-interest, the party must be properly served."). Relatedly, under Federal Rule of

6  Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers,

7  agents, servants, employees, and attorneys," and "other persons who are in active concert or

8  participation."  Fed. R. Civ. P. 65(d)(2)(A)-(C).

9      "To obtain a preliminary injunction, [a party] must show either (1) a likelihood of success

10  on the merits and the possibility of irreparable injury or (2) the existence of serious questions

11  going to the merits and the balance of hardships tipping in [the party's] favor." *Nike, Inc. v.*

12  *McCarthy*, 379 F.3d 576, 580 (9th Cir. 2004).

13      There are also limits to the type of relief courts may issue. "When a plaintiff seeks

14  injunctive relief based on claims not pled in the complaint, the court does not have the authority

15  to issue an injunction."  *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633

16  (9th Cir. 2015). Requests for prospective relief are further limited by the Prison Litigation Reform

17  Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no

18  further than necessary to correct the violation of the Federal Right, and is the least intrusive

19  means necessary to correct the violation of the Federal Right." 18 U.S.C. § 3626(a)(1)(A).

20  ## II.    PLAINTIFF'S MOTION

21      Plaintiff's motion concerns a physical altercation between Plaintiff and another inmate

22  that resulted in a rules violation report. Plaintiff contends in his first amended complaint that he

23  was not the attacker in that fight but that he was blamed for starting it in a rules violation report.

24  (ECF No. 17 at 4, 6).  That rules violation report was used against him by a classification

25  committee on January 27, 2021, when determining where to house Plaintiff. (ECF No. 20 at 2, 7-

26  8). Plaintiff's motion seeks an order:

27      enjoining the defendants, their successors in office agents and employees and all
        other person acting in concert and participation with them from withholding

28      evidence, answers or discovery pertaining to the matter at hand in case: 1:20-cv-

01374-NONE-EPG, as well using false statement or documents used against me I
need the court to enforce Rule 26(b) and in general to allow a fair reply to
discovery. As I need a proper responce why those two cameras were off, who is in
control of such functions, and is answering in a investigation "Irrelevant" a
procedure or in there training.

(*Id.* at 1) (as in original).

Plaintiff also seeks other court relief concerning the rules violation report and its use. For
instance, Plaintiff states that because the rules violation report is inaccurate:

this RVR should be void and instructions should be given not to use this untill
settled in the courts. As fraud was used to creat such RVR at P.V.S.P. as well I
will need an enforcement to allow me to have sufficient access to the courts
paging alone or going to the window is enough.

(*Id.* at 3).

## III.    ANALSYIS

Plaintiff's motion fails for at least three reasons.

First, the Court cannot order an injunction until after the party at whom the injunction is
directed has been served. *See Zepeda*, 753 F.2d at 727 ("A federal court may issue an injunction
if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may
not attempt to determine the rights of persons not before the court."); *S.E.C. v. Ross*, 504 F.3d
1130, 1140 (9th Cir. 2007) ("[I]n order for the court to assert personal jurisdiction over a party-in-
interest, the party must be properly served."). Because no defendant has been served yet, the
Court cannot issue an injunction at this time.

Second, Plaintiff has not shown a likelihood of success on the merits or the existence of
serious questions going to the merits and the balance of hardships tipping in Plaintiff's favor. *See
Nike, Inc.*, 379 F.3d at 580. The Court does not find a likelihood of success on the merits because
it has screened two of Plaintiff's complaints and found neither states a claim. (*See* ECF Nos. 14 &
18).

Because Plaintiff's complaints violate Federal Rule of Civil Procedure 8 for failing to be a
short and plain statement of the facts, the Court cannot conclude that there are serious questions
going to the merits. And even if there were serious questions, the balance of hardships does not
tip in Plaintiff's favor. Plaintiff mostly seeks discovery, which the Court will permit if this case

3

proceeds to the appropriate stage.

Third, most of the proposed injunction is not "designed to accord or protect some or all of the substantive relief sought by a complaint in more than preliminary fashion." *Orange Cnty*., 52 F.3d at 825-26. The main requested relief—obtaining discovery—will not provide the relief Plaintiff seeks in his amended complaint, which mostly requests tens of millions of dollars in damages, (*see* ECF No. 17 at 24). If this case proceeds to the appropriate stage, there will be an opportunity to seek discovery.

## IV.    FINDINGS AND RECOMMENDATIONS

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for injunctive relief (ECF No. 20) be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 25, 2021**                     /s/ *Erica P. Grosj*
                                                  UNITED STATES MAGISTRATE JUDGE