| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| JULIO SANDOVAL, | No. 1:20-cv-01374-NONE-EPG (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISSED |
| v. | |
| RALPH M. DIAZ, et al., | (ECF No. 25) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

Plaintiff Julio Sandoval ("Plaintiff") is a state inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the complaint commencing this action on September 28, 2020. (ECF No. 1.) On November 19, 2020, the Court screened the complaint and found it failed to state any claims because it violated Federal Rule of Civil Procedure 8. (ECF No. 14.) The Court gave Plaintiff thirty days to either file an amended complaint or notify the Court in writing that he wants to stand on his complaint. (*Id.* at 10.)

On February 16, 2021, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 17.) On March 1, 2021, the Court screened the FAC and found that it suffered from many of the same defects as Plaintiff's original complaint and failed to comply with Federal Rule of Civil Procedure 8. (ECF No. 18.) The Court again gave Plaintiff thirty days to either file an amended complaint or notify the Court in writing that he wants to stand on his FAC. (*Id.* at 13.)

1

On April 22, 2021, Plaintiff filed his Second Amended Complaint ("SAC"). (ECF No. 25.) The SAC appears to allege that another inmate started a fight during a soccer match, however, defendant correctional officers falsely claimed that the other inmate was the victim and that Plaintiff attacked the inmate without provocation. Plaintiff received a rules violation report for the fight with the other inmate and lost privileges including good time credits after a disciplinary hearing.

The Court has reviewed the SAC and, for the reasons described in this order, will recommend that this action be dismissed for failure to comply with Federal Rule of Civil Procedure 8 and failure to state a claim.

Plaintiff has twenty-one days from the date of service of these findings and recommendations to file his objections.

**I.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the inmate has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis*, the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not

required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

## II. BACKGROUND

Plaintiff's original complaint was 291 pages long. (ECF No. 1.) The Court found it violated the requirement in Federal Rule of Civil Procedure 8(a):

> As set forth above, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. The complaint must specifically state what each defendant did that violated the plaintiff's constitutional rights. Plaintiff's complaint does not comply with this requirement.
>
> At the outset, Plaintiff's complaint is 291 pages long, most of which are exhibits. It is not clear how these exhibits relate to any claims by Plaintiff—for instance, although Plaintiff appears to refer to the exhibits by discussing "the report," Plaintiff does not state where the Court can find the "report" in the exhibits. In addition, Plaintiff lists 26 defendants but then names only a few in his complaint. Numerous times Plaintiff states that "they" and "These people" took actions but does not explain who "they" or "These people" are. Accordingly, Plaintiff's complaint violates Rule 8 and fails to state a claim.

(ECF No. 14 at 5.)

The Court also found that Plaintiff's factual allegations failed to state a claim. The Court provided legal standards regarding false rules violation reports, the Due Process Clause of the Fourteenth Amendment, and the preclusion of claims based on the loss of good-time credits. (ECF No. 14 at 5-9.) The Court granted Plaintiff leave to amend but instructed that the amended complaint could be no longer than 25 pages, including exhibits. (*Id.* at 9-10.)

On December 2, 2020, Plaintiff filed a motion to stay proceedings, which also sought leave to file a 40-page complaint. (ECF No. 15.) The Court granted part of Plaintiff's requested relief by granting an extension of time and "increas[ing] the page limit for any First Amended

3

Complaint to twenty-five (25) pages, including all exhibits." (ECF No. 16 at 2.) The Court also reminded Plaintiff of Rule 8:

> Plaintiff is not required to attach any exhibits or evidence to his complaint. If this action reaches a stage where the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit his evidence. For purposes of the First Amended Complaint, Plaintiff only needs to set forth a short and plain statement of the facts that support his claims. See Fed. R. Civ. P. 8(a)(2) ("A pleading . . . must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]").

(*Id.*)

On February 16, 2021, Plaintiff filed the FAC. (ECF No. 17.) Plaintiff's FAC was 27 pages long with small handwriting and contained a long narrative of facts, with some arguments and legal authority mixed in. (*Id.*) It had no paragraph breaks and was in the form of a narrative. (*Id.*) The text of the complaint was difficult to follow, and it is often unclear who did what. The Court therefore again found that the FAC violated Rule 8(a):

> Plaintiff's complaint violates Federal Rule of Civil Procedure 8(a). As mentioned above, Plaintiff's complaint is a long narrative. It includes many detailed facts that do not appear related to specific legal claims. Plaintiff also includes twelve pages of legal claims, interspersed with factual allegations, in narrative format. Thus, the FAC is not a short and plain statement.
>
> The FAC also repeatedly fails to connect his factual allegations to the claims he is attempting to bring. As in his original complaint, Plaintiff repeatedly fails to allege which defendants violated his constitutional rights. On multiple occasions, he states "they" or "these officers" were responsible for certain actions. These failures are impermissible under Rule 8(a). *See, e.g., Pinzon v. Jensen*, 2009 WL 231164, at *2 (E.D. Cal., Jan. 30, 2009) ("Although Plaintiff attempts to allege many causes of action and provides a description of his alleged experiences, his narrative-style complaint is insufficient to state legally cognizable causes of action. It is Plaintiff's burden, not that of the court, to separately identify claims and state facts in support of each claim."); *Saunders v. Saunders*, 2009 WL 382922, at *2 (E.D. Cal., Feb. 13, 2009) ("A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a 'short and plain statement of the claim' may be dismissed for failure to satisfy Rule 8(a).").
>
> In addition, the Court notes that Plaintiff failed to comply with the Court's December 8, 2020 order because his amended complaint, <u>including all exhibits</u>, exceeded twenty-five pages. (*See* ECF No. 16).

(ECF No. 18 at 8.)

The Court again provided relevant legal standards regarding false rules violation reports, the Due Process Clause of the Fourteenth Amendment, failure to protect claims pursuant to the

Eighth Amendment, and constitutional claims based on a prison official's actions in responding to appeals. (ECF No. 18 at 9-12.) The Court again granted Plaintiff leave to amend but instructed that the amended complaint could be no longer than 15 pages, including exhibits. (*Id.* at 12-13.)

## III. SECOND AMENDED COMPLAINT

Plaintiff filed the SAC on April 22, 2021. (ECF No. 25.) The FAC is again a long narrative of facts interspersed with legal authority and arguments. It is written in small handwriting with few paragraph breaks and is difficult to follow. It is often unclear who did what.

Plaintiff's SAC is based on an altercation with another inmate called Palacio or Palacios. Plaintiff alleges that some defendants authored false rules violation reports stating that Palacio/Palacios was the victim in the altercation and other defendants "facilitated" the false report by failing to correct false facts.

The SAC begins with a statement of other lawsuits he has filed while a prisoner, a statement that he has exhausted the administrative remedy process at his institution, and what appears to be a list of legal authority on which his claims are based. The SAC then sets forth a list of eleven different defendants, including Ralph M. Diaz, the "Director/Commissioner" of the California Department of Corrections ("CDCR"), Scott Frauenheim, the "Superintendent/Warden" of Pleasant Valley State Prison, and various correctional officers. Next, the SAC contains a "Facts" section which alleges as follows:

> 12) On July 06, 2019, I was playing soccer when I was Pushed very hard out of bounds. I went to go tell this inmate I do not play like that and not to be at that moment I was struck in the face and this individual took off running. He was yelling threats and cussing at me as I tried to strike him back but ran again. I went to go talk to him cussed at me and took off running. At that moment his friend jumped in and I proceeded to defend myself. 13) Some of these [footnote: "Defendants described in pg 3 – Lines 9-1 Reference to Responsibility & NAMES of defendants."] defendants Proceeded to fabricate this report. As their superiors up held and allowed such false documents to proceed even knowing Such events mistated the truth corrupting a fair process. 14) Defendants did not provied a fair process, and their superiors had knowledge of such actions Sandoval was struck in the face by Palacio, defendants lied fabricated report stating Palacio never threw a punch and is deemed a victim. Then defendants refused to Answer questions. As well refused to explain why two cameras were off. Some stated 'defendants' that there report was not true or irrelevant. Plus my privileges were taken away before my finding of guilt. 8-6-19 to 9-5-19, No telephone, Quarterly packages, dayroom. On final hearing on the first Procedure loss of 90 days good time. 15. R. ATHEY, X. VANG, Y. CUEVAS & N. VEGA, was the original facilitators to Fabricate this rules violation report (RVR). Knowing Palacio did strike Plaintiff in the face yet Ignored the facts because In My opinion they were giving extra privileges to there

informant or because they were upset of My ADA appeal and worked out something with Palacio in my opinion. This report (RVR) was done twice and facilitated and supported by R. Downey, J. Duty, M. Solis & B. Huyck. After the Findings of B. Huyck as seen on video, defendant statement 'A review of the video by the SHO reveals Palacios and Sandoval engaged in a fight on the edge of the soccer field in the video it Appears Palacios strikes and SANDOVAL strikes back. Palacios then Runs away from SANDOVAL. I specifically told B. Huyck Palacios and I were involve in a fight I did not batter him" as they were claiming I attacked him without provocation [footnote: Senior Hearing Officer] and he's deemed a victim. I as well stated Your officers [footnote: involved officers] "defendants" falsified the report. Me and Palacios were involved in a fight. if Palacios is not going to get a write up/RVR) Mine should be droped or terminated to. HUYCK refused to do so Final discipline date 10-31-19-He seen I had already been punished in 8-6-19 to 9-5-19. He ignored to log My Inmate Comments. Approved such harsh conditions and illegal actions, by giving extra privileges to other Inmates or illegal favors under fraud and Approving Sandoval being struck in the face, failing to act using Corruption to hide the Truth. Facilitating defendants were aware of such finding yet Ignored the original defendants R. ATHEY, X. VANG, V. CUEVAS & N. VEGA (RVR) and Refused to change such false statements "Palacios was a victim" V. CUEVAS, Answer to question: "You attacked and battered Palacio without warning or provocation Inmate Palacios was not observed throwing a punch" X. VANG after being asked On the Video you are saying Palacio never made contact with Sandoval Y-N Answered "No he never strikes back" As the facilitators R. DOWNEY, J. DUTY, M. SOLIS * B. HUYCK they were to fix such false statement and not allow extra privilages given to Another Inmate knowing SANDOVAL was battered and false statements were made. Supporting such criminal acts in my opinion [illegible] 16) I appealed such issue but denied which by this time Scott FRAUENHEIM was aware and facilitator to ensure & protect legal rights. The two appeals should of brought fair dealings and secure the Truth. As his Name was used in these government forms. Knowing I was battered in the face then false statements were made by his own subordinates. He failed to correct such Violations and allowed such harm to come to me and create a future harm as well. As these false statement can be used against me later and were used. He, defendant in my opinion ignored, aided and joined his [footnote: subordinates i talking about defendants pg 3-Lines 9-12 under his watch except RALPH M. DIAZ] subordinates false statements as Truth. Allowed me to be punished before any Finding of guilt. fail to train defendants how to use camera as this was X. Vang excuse "I dont know how to operate Cameras. 17) RALPH M. DIAZ is aware of such hostile acts I am & was facing and Refused to cure them to me personally. I sent him two letters Outlining all breaches of laws, Fabricating documents being battered by his subordinates and the conditions of unsafe hostile environments that put my life at risk. All defendants were acting under color of state law.

The facts section is followed by a short section on exhaustion spanning the end of page 4 through the beginning of page 6. After that is a section called "Legal Claims" which runs from page 5 to page 9. These pages are filled with a mixture of legal arguments. Section VI, "Prayer for Relief," runs from pages 8 through 11 and also contains various requests, including demands for injunctive relief, fines to be paid to the public, damages, and a trial by jury. The body of the SAC concludes with Plaintiff's verification.

6

The final pages of the SAC are exhibits: 1) a federal form for claims for damage, injury or death; and 2) a handwritten summons.

**IV. SECTION 1983**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979*)); see also Chapman v. Houston Welfare Rights Org*., 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs*., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *Iqbal*, 556 U.S. at 676-77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (citations and internal quotation marks omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

## V. ANALYSIS OF PLAINTIFF'S CLAIMS

### A. Federal Rule of Civil Procedure 8

As set forth above, and as Plaintiff has previously been instructed, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). It must also contain "sufficient allegations of underlying

facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77.

Plaintiff's SAC violates Federal Rule of Civil Procedure 8(a). Although the SAC does not exceed fifteen pages, it still suffers from many defects. It is not a short and plain statement of Plaintiff's claims. The SAC is a long narrative consisting of opaque factual allegations interspersed with numerous arguments and citations to legal standards. Several of the allegations and arguments are repetitive, the text is difficult to follow, and it is often unclear who did what.

The SAC also repeatedly fails to connect his factual allegations to the claims he is attempting to bring. As in his original complaint and FAC, Plaintiff repeatedly fails to allege which defendants violated his constitutional rights. On multiple occasions, he states "they" or "defendants" were responsible for certain actions and refers to a list of eleven defendants included at the beginning of his complaint. These failures are impermissible under Rule 8(a). *See, e.g., Pinzon v. Jensen*, 2009 WL 231164, at *2 (E.D. Cal., Jan. 30, 2009) ("Although Plaintiff attempts to allege many causes of action and provides a description of his alleged experiences, his narrative-style complaint is insufficient to state legally cognizable causes of action. It is Plaintiff's burden, not that of the court, to separately identify claims and state facts in support of each claim."); *Saunders v. Saunders*, 2009 WL 382922, at *2 (E.D. Cal., Feb. 13, 2009) ("A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a 'short and plain statement of the claim' may be dismissed for failure to satisfy Rule 8(a).").

The SAC is therefore subject to dismissal under Rule 8(a). It does not give fair notice to the defendants to enable to defend themselves effectively.

Plaintiff has been offered two opportunities to amend his complaint and has been given the relevant pleading standards under Rule 8(a) on three separate occasions. Plaintiff has nonetheless failed to fully cure the failure to cure the deficiencies with his complaint. The complaint is thus subject to dismissal under Rule 8.

///

1 Nonetheless, the Court has attempted to review the facts alleged to determine if they would state a claim and, as discussed below, has determined that they do not.

### B. False Rules Violation Report

A prison official does not violate a prisoner's constitutional rights merely by filing a false rules violation report. *See Muhammad v. Rubia*, 2010 WL 1260425, at *3 (N.D. Cal., Mar. 29, 2010), *aff'd*, 453 Fed. App'x 751 (9th Cir. 2011) ("[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983." (citations omitted)); *Harper v. Costa*, 2009 WL 1684599, at *2-3 (E.D. Cal., June 16, 2009), *aff'd*, 393 Fed. Appx. 488 (9th Cir. 2010) ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California . . . have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983.").

A false allegation against a prisoner does *not* create a claim so long as (1) the prisoner receives procedural due process before there is a deprivation of liberty as a result of false allegations, and (2) the false allegations are not in retaliation for the prisoner exercising constitutional rights. Specifically, the Ninth Circuit held in *Hernandez v. Johnston*, 833 F.2d 1316 (9th Cir. 1987) that inaccurate information in a prison record did not violate the prisoner's due process rights. *Id.* at 1318 ("Magistrate Burgess did not discuss Hernandez' separable claim of a due process right to accurate information in his prison record. We address the issue, and hold that Hernandez was not deprived of liberty by the presence of the challenged statements.").

To the extent that Plaintiff is entitled to due process under the legal standards discussed above, Plaintiff retains his right to due process subject to the restrictions imposed by the nature of the penal system. *Wolff*, 418 U.S. at 556. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.*

///

*Wolff* established five constitutionally mandated procedural requirements for disciplinary proceedings. First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Id.* at 564. Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." *Id.* Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." *Id.* (quoting *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)). Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Id.* at 566. And fifth, "[w]here an illiterate inmate is involved [or] the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or … to have adequate substitute aid … from the staff or from a[n] … inmate designated by the staff." *Id.* at 570.

Additionally, "some evidence" must support the decision of the hearing officer. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). The standard is not particularly stringent, and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached…." *Id.* at 455–56.

Further, there are five basic elements to a First Amendment retaliation claim: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). To prove the second element – retaliatory motive – plaintiff must show that his protected activities were a "substantial" or "motivating" factor behind the defendant's challenged conduct. *Brodheim v. Cry*, 584 F.3d 1262, 1269, 1271 (9th Cir. 2009). Plaintiff must provide direct or circumstantial evidence of defendant's alleged retaliatory motive; mere speculation is not sufficient. *See*

*McCollum v. CDCR,* 647 F.3d 870, 882–83 (9th Cir. 2011); accord *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014). In addition to demonstrating defendant's knowledge of plaintiff's protected conduct, circumstantial evidence of motive may include: (1) proximity in time between the protected conduct and the alleged retaliation; (2) defendant's expressed opposition to the protected conduct; and (3) other evidence showing that defendant's reasons for the challenged action were false or pretextual. *McCollum*, 647 F.3d at 882.

Finally, any challenge to a disciplinary hearing can only proceed in this § 1983 case if success on Plaintiff's claim would *not* necessarily lead to his immediate or earlier release from confinement. Challenges to disciplinary proceedings that result in the loss of good time credits, and necessarily affect the duration of an inmate's sentence, must be filed as a writ of habeas corpus (subject to exhaustion and other requirements for such petitions), rather than a § 1983 action. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1987) (§ 1983 claim not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction of loss of good-time credits); *cf. Ramirez v. Galaza*, 334 F.3d 850, 858 (9th. Cir. 2003) (holding that the favorable termination rule of *Heck* and *Edwards* does not apply to challenges to prison disciplinary hearings where the administrative sanction imposed *does not* affect the overall length of confinement and, thus, does not go to the heart of habeas); *see also Wilkerson v. Wheeler*, 772 F.3d 834 (9th Cir. 2014) (discussing loss of good-time credits); *Nettles v. Grounds*, 830 F.3d 922, 934–35 (9th Cir. 2016) (discussing the impact of a prison disciplinary violations in determining suitability for parole).

In *Nettles v. Grounds*, the U.S. Court of Appeals for the Ninth Circuit summarized a long line of U.S. Supreme Court precedent discussing the subject matter dividing lines between petitions for writs of habeas corpus and § 1983 civil rights lawsuits. 830 F.3d 922, 927-30 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 645, 196 L. Ed. 2d 542 (2017). The Ninth Circuit concluded in *Nettles* that "habeas is available only for state prisoner claims that lie at the core of habeas (and is the exclusive remedy for such claims), while § 1983 is the exclusive remedy for state prisoner claims that do not lie at the core of habeas." *Id*. at 930-31 (citations omitted). A claim lies at the "core of habeas corpus" where "success in that action would necessarily demonstrate the

invalidity of confinement or its duration." *Id*. at 929 (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)). Accordingly, challenges to the validity of prison disciplinary proceedings resulting in the loss of good-time credits lie at the "core of habeas corpus" and, therefore outside of the scope of § 1983, where the restoration of the good-time credits would necessarily affect the length of time to be served. *Id*. at 927-29.

Here, Plaintiff alleges that certain defendants made false statements in a rules violation report and other defendants "facilitated" the false information. Plaintiff appears to allege that various defendants stated that another inmate was the victim in a physical altercation during a soccer match, when in fact that inmate hit Plaintiff first. Plaintiff had a disciplinary hearing over these allegations and was found guilty, and as a result lost certain privileges as well as good time credits.

These allegations, alone, do not amount to cognizable constitutional violations. *See Harper*, 2009 WL 1684599, at *2–3. As discussed above, defendants do not violate Plaintiff's constitutional rights by filing false statements, so long as Plaintiff received due process during his disciplinary hearing, unless the false allegations were made in retaliation for Plaintiff exercising his constitutional rights.

It appears that Plaintiff received due process through his disciplinary hearing. Despite being given the constitutionally mandated procedural requirements for disciplinary proceedings under *Wolff* on two prior occasions, Plaintiff has not alleged any facts indicating that any of the defendants failed to meet these requirements. The SAC indicates that the incident occurred in July of 2019 but the disciplinary determination was not final until October 31, 2019, Plaintiff received copies of the defendants who authored the rules violation report's statements, and Plaintiff was also able to question some of those defendants. Plaintiff does not allege that he did not receive written notice of the disciplinary hearing, a period of time to prepare, or a written statement of the evidence relied on and the reasons for the disciplinary action. Therefore, the SAC does not allege that Plaintiff failed to receive due process in connection with the rules violation report.

Plaintiff also does not adequately allege that any of the defendants' false allegations were made in retaliation for Plaintiff exercising a constitutional right. The SAC states that, in Plaintiff's opinion, "they" authored the false rules violation report to give an informant extra

privileges or because they were upset about Plaintiff's ADA appeal. This allegation is speculative and conclusory. It does not show that Defendants were motivated by Plaintiff exercising his First Amendment rights. Plaintiff does not allege who the ADA claim was filed against, whether the ADA claim was filed close in time to the false rules violation report, whether any of the defendants ever expressed opposition to the ADA claim, or any other evidence showing that the defendants' statements regarding the events in the altercation were done in retaliation for Plaintiff exercising constitutionally protected rights.

Finally, the SAC alleges that Plaintiff lost good-time credits as a result of an adverse prison disciplinary finding. Thus, a finding in Plaintiff's favor would likely affect the length of Plaintiff's sentence.[1] Therefore, the claim is not cognizable under § 1983. As the Court previously informed Plaintiff, he must present his challenge, if at all, through a petition for writ of habeas corpus.[2]

For these reasons, Plaintiff's allegations that defendants authored and "facilitated" a false rules violation report do not state a cognizable claim for violation of his constitutional rights. The Court will accordingly recommend that Plaintiff's claims be dismissed.

### C.     Failure to Protect

To establish an Eighth Amendment failure to protect claim, the prisoner must establish that prison officials were deliberately indifferent to a sufficiently serious threat to the prisoner's safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "'Deliberate indifference' has both subjective and objective components." *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013). The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate ... safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer,* 511 U.S. at 837. "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Labatad,* 714 F.3d at 1160 (quoting *Farmer,* 511 U.S. at 847).

---

[1] A loss of good time credits might not affect the duration of Plaintiff's sentence if he was facing an indeterminate sentence of life without possibility of parole, but there are no indications this is the case.

[2] A petition for writ of habeas corpus has its own requirements, including a statute of limitations period. The Court has not evaluated whether Plaintiff's complaint meets those requirements.

14

Plaintiff's SAC states that he brings a claim for violation of the Eighth Amendment. However, there are no allegations that any of the defendants either knew of or disregarded an excessive risk to Plaintiff's safety in connection with the fight with Palacio/Palacios or at any other time. Plaintiff has failed to state a cognizable claim for failure to protect. Therefore, the Court will recommend that Plaintiff's Eighth Amendment claim also be dismissed.

## VI.   CONCLUSION AND ORDER

The Court recommends that this action be dismissed without granting Plaintiff further leave to amend. In the Court's prior screening order, the Court identified the deficiencies in Plaintiff's complaint, provided Plaintiff with relevant legal standards, and provided Plaintiff with an opportunity to amend his complaint. Plaintiff filed his Second Amended Complaint with the benefit of the Court's two previous screening orders, but failed to cure the deficiencies identified in the screening order. Thus, it appears that further leave to amend would be futile.

Accordingly, the Court HEREBY RECOMMENDS that:

1. Plaintiff's claims be dismissed for failure to comply with Federal Rule of Civil Procedure 8(a) and failure to state a claim upon which relief may be granted; and
2. The Clerk of Court be directed to assign a district judge for the purpose of closing this case and then to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **May 7, 2021**                                /s/ Erica P. Grosjean
                                                                  UNITED STATES MAGISTRATE JUDGE