UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO SANDOVAL,<br><br>            Plaintiff,<br><br>    v.<br><br>RALPH M. DIAZ, et al.,<br><br>            Defendants. | No. 1:20-cv-01374-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 35) |

Julio Sandoval is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On November 22, 2021, this action was dismissed with prejudice due to plaintiff's failure to comply with Federal Rule of Civil Procedure 8 and failure to state a claim. (Doc. No. 33.) On December 13, 2021, plaintiff filed a motion for reconsideration. (Doc. No. 35.)

"There are four grounds upon which a Rule 59(e) motion may be granted:  1) the motion is necessary to correct *manifest errors of law or fact upon which the judgment is based*; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (citation and internal quotation marks omitted).

/////

Under Federal Rule of Civil Procedure 60(b),

> [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

As to Rule 60(b)(6), plaintiff "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (citation and internal quotation marks omitted). Additionally, Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." (*Id.*) (citation and internal quotation marks omitted).

Plaintiff has failed to set forth facts or legal authority showing that he meets any of the above-mentioned reasons for granting reconsideration.

Accordingly, it is ordered that plaintiff's motion for reconsideration (Doc. No. 35) is denied.

IT IS SO ORDERED.

Dated:   **December 27, 2021**                         /s/ Dale A. Drozd
                                                                    UNITED STATES DISTRICT JUDGE